[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUPPLEMENTAL MOTION TO DISMISS
I.
Introduction
The petitioner, Statewide Grievance Committee, (hereinafter, "the Committee") has brought the instant action for presentment alleging that the respondent, John E. Terzis, has violated Rules 1.15 and 8.4 of the Rules of Professional Conduct by utilizing CT Page 9497 certain funds of a condominium association, of which the respondent was president, to pay personal and office expenses. The respondent has filed two motions to dismiss the presentment and a hearing was held on September 18, 1996 to hear arguments on both. The second motion, identified as the supplemental motion, was heard first. After some argument on the original motion, the parties agreed that an evidentiary hearing would be required.
There is no dispute as to the essential facts and they are summarized as follows:
a. June 25, 1993 — the Waterbury local grievance panel sent notice that on June 8, 1993, after a hearing, it found probable cause of misconduct;
b. July 27, 1993 — the Statewide Grievance Committee assigned to a reviewing committee the Waterbury local grievance panel's finding of probable cause of misconduct;
c. August 19, 1993 — a more formal administrative notice of the assignment to the reviewing committee was sent;
d. September 8, 1993 — the reviewing committee held a hearing on the complaint;
e. October 7, 1993 — the Statewide Grievance Committee stated that after the September 8, 1993 hearing, additional testimony was warranted for a hearing on November 10, 1993;
f. November 10, 1993 — the respondent filed a detailed objection to the proposed hearing and/or any further action by the Statewide Grievance Committee which objection was sustained by the reviewing committee;
g. July 26, 1994 — the Statewide Grievance Committee notified respondent of the proposed decision of the reviewing committee and allowed 14 days to reply to the proposed decision;
h. August 7, 1994 — the respondent filed a statement in opposition to the proposed decision;
i. August 18, 1994 — the Statewide Grievance Committee adopted the proposed decision of the reviewing committee to present the respondent to the Superior Court for discipline. CT Page 9498
 II
Discussion
 A.
The respondent argues that both General Statutes § 51-90g(g) (now 51-90g(h)[1] and Practice Book § 27J (i)[2]
mandate that the Committee render its decision within four months of a finding of probable cause and that, as it did not, it was without power to act. As indicated above, both parties agree that on June 8, 1993, the Waterbury Grievance Panel found probable cause of attorney misconduct and that such finding was mailed to the respondent on June 25, 1993. While a hearing was held on September 8, 1993, the reviewing committee's proposed decision was not mailed to the parties until July 26, 1994. The respondent objected to the proposed decision arguing, in part, that the ruling was not timely and on August 18, 1994, the Committee adopted the proposed decision. It is clear that the decision was issued more than four months after the finding of probable cause.
In John Doe v. Statewide Grievance Committee, 41 Conn. App. 671
(1996), the Appellate Court determined that a disciplinary proceeding against an attorney should be dismissed because the Statewide Grievance Committee failed to render a decision within four months of the local panel's finding of no probable cause — and thus a violation of General Statutes § 51-90 (g). In that case, the Committee advised the plaintiff approximately three months after the local grievance panel filed its determination of no probable cause on September 2, 1993, that there was cause to hold a hearing. No further action was taken until February 8, 1994 when it scheduled a hearing for March 9, 1994 — a time well beyond the 120 day limitation. The Committee argues that this case does not control here because the word "committee" utilized in section 51-90g(h) applies only when the petitioner herein and not a subcommittee holds a hearing. This court agrees. In the present case, the Committee did not conduct the hearing, and thus, the subsection does not apply to it. Moreover, unlike the situation in John Doe, the Committee referred this action out within the four month period. Additionally, this court notes that another section is applicable to this case. General Statutes § 51-90g(c) states in relevant part: CT Page 9499
 The subcommittee shall conclude any hearing or hearings and shall render its proposed decision not later than ninety days from the date the panel's determination of probable cause or no probable cause was filed with the State-Wide Grievance Committee . . . If the subcommittee does not complete its action on a complaint within the period of time provided in this section, the State-Wide Grievance Committee shall, on motion of the complainant or the respondent or on its own motion, inquire into the delay and determine the appropriate course of action. The failure of the subcommittee to complete its action on a complaint within the period of time provided in this section shall not be cause for dismissal of the complaint.
The legislature has obviously contemplated the exact scenario that occurred in this case. The subcommittee has failed to comply with its statutory time limit. Our Supreme Court addressed a somewhat similar situation in Statewide Grievance Committee v.Rozbicki, 211 Conn. 232, 243 (1989) in which it held that due to the specific language of section 51-90g(c), which allowed for the Committee to inquire into the delay of a subcommittee, noncompliance with the directive to render a decision in ninety days would not require an automatic dismissal. The court also stated that the legislature's passage of P.A. 88-152, § 6, adding the last sentence to section (c), was further indication that a technical violation of the time limitation would not be grounds for a dismissal. Id., 243-245. This court therefore concludes that while the subcommittee did not comply with the time limitations as set forth in section 51-90g(c), the complaint need not be dismissed.
 B.
At the hearing, the petitioner made a second claim that, notwithstanding the statute, the delay in rendering the decision was so untimely that it was prejudicial to the respondent. This court does not agree. As noted by the petitioner, and as indicated by the service on Mr. Terzis, at the institution of this action, he is living in Florida. This court received no evidence that he now lives (or practices) in this state. Indeed, this court received no evidence at all that the delay has caused prejudice. The case law indicates that mere lapse of time constitutes neither a denial of due process nor a jurisdictional defect in an attorney disciplinary matter absent a showing of specific prejudice. Ramirez v. State Bar of California, 619 P.2d 399, CT Page 9500 405 (1980). This notion, of course, underlies our Supreme Court's decision in Statewide Grievance Committee v. Rozbicki, supra, 211 Conn. 243, in which it stated,
 We will not, therefore, construe § 51-90g(c) to require that if the subcommittee has failed to act within the prescribed time, and there is no showing of prejudice, the complaint must be dismissed. Such a construction would impermissibly render the final phrase in § 51-90g(c) a nullity. In implementing § 51-90g(c), the grievance committee has discretion to decide what remedy a particular delay warrants. Although the grievance committee may determine that the complaint should be dismissed or that a new subcommittee panel should adjudicate the grievance in a timely fashion, the grievance committee, absent prejudice, is free to act on the tardy subcommittee's recommendation. Accordingly, we conclude in this case that the subcommittee's failure to act within the prescribed time, although a violation of § 51-90g(c), does not mandate dismissal of the complaint.
See also, Statewide Grievance Committee v. Lorent, Superior Court, judicial district of Stamford Norwalk at Stamford, Docket No. CV92-0127996 (June 23, 1993), in which Judge Rush reviewed a number of cases in other jurisdictions with the same holding. The respondent has not met his burden of showing prejudice.
 III.
Conclusion
As noted by our Supreme Court, "[t]he regulation of attorney misconduct is . . . within the court's inherent authority. . . . Requiring the grievance committee to dismiss a complaint whenever the review subcommittee has failed to act in timely manner, with no discretion to pursue another course of action if appropriate, would frustrate the purposes of attorney grievance procedures and run counter to the special supervisory role of the courts in regulating attorney conduct. We will, therefore, require such action only if specifically so directed by § 51-90g(c)."Statewide Grievance Committee v. Rozbicki, supra, 211 Conn. 239. As noted above, that section does not specifically so direct. Accordingly, the supplemental motion to dismiss is denied.
Berger, J.